

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

) C. MANN
EY GENERAL

Mr. Joe Bailey, Business Manager
North Texas Agricultural College
Arlington, Texas

Dear Sir:

> Opinion No. O-1424
> Re: Will a student who moved to
> Texas on June 1, 1939, be re-
> quired to pay the out-of-state
> tuition despite the fact that
> he was a resident of Texas up
> until about two and one-half
> years ago?

We are in receipt of your letter of September 9,
1939, in which you request an opinion of this department
concerning the matter which you set out in your letter as
follows:

> "I have been asked to get an opinion from
> you as to whether a student will be required to
> pay out-of-state fees who has lived in Texas
> all his life up until some two and one-half
> years ago, then moved to the state of Georgia.
> He lived there for two and one-half years and
> moved back to Texas June 1, 1939."

Article 2654c of the Revised Civil Statutes of
Texas, Section 1 (2) defines what is meant by a non-resi-
dent student:

> ". . . . A non-resident student is hereby
> defined to be a student of less than twenty-one
> (21) years of age, living away from his family
> and whose family resides in another State, or
> whose family has resided within this State for
> a period of time less than twelve (12) months
> prior to the date of registration, or a student
> of twenty-one (21) years of age or over who re-
> sides out of the State or who has resided within
> the State for a period of less than twelve months
> prior to the date of registration."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In your letter you do not state whether the student is over twenty-one years of age or not. If he is not over twenty-one years of age and his family is now residing in Georgia, or has returned to Texas on June 1, 1939, after having resided in Georgia for the past two and one-half years then said student must pay the non-resident tuition. If the student is over twenty-one years of age and has resided in Georgia for the past two and one-half years and has just returned to reside in Texas on June 1, 1939, then he also would be required to pay said non-resident student fee. It would make no difference that the student had previously resided in Texas. The Legislature has here seen fit to put in the provision that the residence must be for a period of at least twelve months prior to the date of registration.

It is the opinion of this Department that a student who has resided in Georgia for the past two and one-half years but has returned to Texas on June 1, 1939, is required to pay the out-of-state tuition despite the fact that he had previously resided in Texas before moving to Georgia.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:GO

APPROVED SEP 20, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN